**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Christopher WATT,**
**Defendant–Appellant.**

**No. 88–3092.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided Aug. 6, 1990.

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Leslie K. Baker, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING, ALARCON and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

James Christopher Watt appeals from the district court's sentence of 46 months imprisonment and three years of supervised release for unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). The district court refused to reduce Watt's offense level by two points for his acceptance of responsibility, pursuant to United States Sentencing Commission, *Guideline Manual* (U.S.S.G.) § 3E1.1. The district court based its decision on its findings that Watt had not voluntarily surrendered to the authorities or assisted in the recovery of the fruits and instrumentalities of the offense, factors made relevant under the commentary to section 3E1.1. Watt contends that the district court's application of section 3E1.1 violates his rights under the fifth and sixth amendments. In this appeal, we must consider the novel question whether a district court can construe constitutionally protected conduct against a defendant in determining his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

## PERTINENT FACTS

On December 22, 1987, a federal grand jury returned a two-count indictment against Watt, charging him in count one with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and in count two with the use of a dangerous weapon in the commission of a felony in violation of 18 U.S.C. § 924(c)(1). At his arraignment on December 31, 1987, Watt entered a plea of not guilty.

On February 5, 1988, Watt withdrew his plea of not guilty to count one of the indictment, and entered a plea of guilty to the lesser included offense of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). In exchange for Watt's plea of guilty and his stipulation that he possessed and displayed a firearm during the course of the robbery, the government agreed to "recommend that he receive the applicable number of points for acceptance of responsibility in computing his sentence[ ] under Section 3E1.1 of the Sentencing Guidelines."

In the presentence report, the probation officer recommended that Watt not receive a two-point reduction for acceptance of responsibility. The presentence report contains the following findings, conclusions, and recommendation:

> At the time of his arrest for this robbery, he requested an attorney and would provide no statements to agents. According to the FBI agent handling this case, at no point did he cooperate in any fashion during the course of their investigation. He did not assist in recovering any of the money taken from the robbery and there was no effort on his part to make voluntary restitution prior to entering a plea of guilty. It is felt that granting a reduction for acceptance of responsibility would be basing it solely on his entry of a plea of guilty, which we feel is contrary to the guidelines.

Watt objected to this portion of the presentence report. In a letter to the probation officer, Watt's attorney informed the probation officer that "[w]hen arrested, Mr. Watt invoked his rights pursuant to *Miranda* and stated, 'I think I need to see an attorney.'" The letter also stated that

Watt's cooperation with the probation officer constituted an acceptance of responsibility and that his plea was timely, as it was entered prior to the district court's ruling on his motion to revoke the magistrate's detention order. The United States Attorney's office also objected to this portion of the presentence report. In a letter to the probation officer, Assistant United States Attorney Leslie Baker stated that Watt "expressed an early willingness to plead guilty and take responsibility for his actions" and that therefore the government considered his acceptance of responsibility to be "truthful and timely."

The probation officer filed an addendum to the presentence report, pointing out that Watt and the government objected to paragraph 11. In recommending against the reduction for acceptance of responsibility, the probation officer stated that he was "unable to discern any actions taken by the defendant prior to entry of plea which would result in a reduction."

At the sentencing hearing, Watt's counsel argued that his client was entitled to the reduction for acceptance of responsibility, based on his willingness to make full restitution and his admissions to the probation officer. During the allocution, Watt informed the court that he was sorry for committing the offense.

In its oral findings regarding Watt's request for reduction of his offense level for acceptance of responsibility, the district court stated that Watt did not voluntarily surrender or offer his assistance to the authorities in recovering the fruits and instrumentalities of his crime. The district court noted that, while Watt manifested his responsibility to the probation officer, he did so only after "he was caught red-handed on a serious offense in which he was facing extremely heavy charges...." The district court refused to apply the two-point reduction for acceptance of responsibility. Watt timely appealed.

## DISCUSSION

The district court calculated Watt's offense level under the Sentencing Guidelines at 22, thereby yielding a sentencing range

for his criminal history category from 41 to 51 months. U.S.S.G. § 2B3.1. Watt maintains that the district court should have reduced his offense level to 20, thereby yielding a sentencing range from 33 to 41 months. Watt raises challenges to the probation officer's recommendation and to the district court's imposition of sentence based on the fifth and sixth amendments and the doctrine of the separation of powers.

 We review *de novo* the sentencing court's application of the Sentencing Guidelines. *United States v. Howard*, 894 F.2d 1085, 1087 (9th Cir.1990). We review the sentencing court's findings of fact under the clearly erroneous standard.

### I. *Constitutional Objections to the Probation Officer's Recommendation*

 Watt contends that the probation officer's investigation of the facts surrounding Watt's crime and subsequent behavior violated his due process rights. He maintains that, as a member of the judicial branch, the probation officer "was improperly involved in the executive function of determining what facts to present and compromised its own neutrality." Instead, Watt asserts that the district court should have relied on the parties' presentation of the facts.

We recently rejected a similar claim in *United States v. Belgard*, 894 F.2d 1092 (9th Cir.1990). In resolving a due process objection to the investigation and recommendation function performed by probation officers under the Sentencing Guidelines, we quoted the Supreme Court's opinion in *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949):

> "The considerations we have set out admonish us against treating the due-process clause as a uniform command that courts throughout the Nation abandon their age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence.... The due-process clause should not be treated as a device for freezing the evidential proce-

dure of sentencing in the mold of trial procedure. So to treat the due-process clause would hinder if not preclude all courts—state and federal—from making progressive efforts to improve the administration of criminal justice."

*United States v. Belgard,* 894 F.2d at 1098 (quoting *Williams v. New York,* 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949)). The law of the circuit as expressed in *Belgard* compels us to reject Watt's due process argument.

Watt also argues that the probation officer's function under the Sentencing Guidelines violates the doctrine of the separation of powers. In *Belgard,* we also considered a separation of powers attack on the role of the probation officer. 894 F.2d at 1096–98. In rejecting this claim, we noted that probation officers are vital to the proper functioning of the system. *Id.* at 1098. By undertaking an independent investigation, the probation officer serves "to provide the trial judge with as much information as possible in order to make an informed decision." *Id.* at 1097. "His report, however, is no more binding on the judge than the pre-Guideline reports were"; the sentencing court is still the ultimate decisionmaker. *Id.* Thus, we must reject Watt's separation of powers challenge.

II. *Constitutional Objection to the District Court's Application of Section 3E1.1*

Watt contends that the district court erroneously considered his pre-plea conduct in applying U.S.S.G. § 3E1.1. By so doing, Watt argues that the district court impermissibly punished him for exercising his constitutional rights. Watt urges this court "to hold that a statement by a defendant after consultation with counsel of his acceptance of responsibility and remorse satisfies the requirement[s]" of section 3E1.1.

Section 3E1.1 of the Sentencing Guidelines provides:

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

U.S.S.G. § 3E1.1. The application notes to section 3E1.1 state, in relevant part:

1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

. . . .

3. A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section.

. . . .

5. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.

U.S.S.G. § 3E1.1 application notes. The application notes "are not binding law, they are only advisory commentary to assist in the application of the statute." *United States v. Gross*, 897 F.2d 414, 416–17 (9th Cir.1990). However, the application notes have the force of legislative history; "[f]ailure by the trial judge to follow [the application notes] may constitute an incorrect application of the Guidelines." *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir.1989); *see also* 18 U.S.C. § 3742 (1988) (incorrect application of Guidelines grounds for reversal of sentence).

We have previously rejected facial challenges to section 3E1.1 based on the fifth and sixth amendments. *United States v. Gonzalez*, 897 F.2d 1018 (9th Cir.1990). In *Gonzalez*, we observed:

> The reduction provided for in Section 3E1.1 is merely a benefit which may be accorded to a defendant if he is able to make the necessary showing. The possibility of leniency in the statute does not make denial of lenient treatment impermissible where the district court determines that the defendant has failed to exhibit the requisite contrition.

*Id.* at 1021. Similarly, in rejecting a defendant's fifth and sixth amendment challenges to a district court's refusal to apply a reduction pursuant to section 3E1.1, the Eleventh Circuit has stated that "Section 3E1.1 may add to the dilemmas facing criminal defendants, but no good reason exists to believe that 3E1.1 was intended to punish anyone for exercising rights. We are unprepared to equate the possibility of leniency with impermissible punishment." *United States v. Henry*, 883 F.2d 1010, 1011 (11th Cir.1989); *see also United States v. Paz Uribe*, 891 F.2d 396, 400 (1st Cir.1989) (rejecting a fifth amendment challenge to section 3E1.1).

■ Our rejection of a facial challenge to section 3E1.1 does not resolve the question whether this guideline may be applied in a manner that is unconstitutional. We agree with Watt that an improper application of the commentary to section 3E1.1 to pre-plea conduct could impinge on an accused's assertion of his constitutional rights. For example, application notes 1(c), "voluntary and truthful admission to authorities of involvement in the offense and related conduct," 1(d), "voluntary surrender to authorities promptly after commission of the offense," and 1(e), "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense," are in tension with the fifth amendment right against self-incrimination and the sixth amendment right to counsel. These constitutional protections express the basic concept that "our accusatory system of criminal justice demands that the government seeking to punish an individual produce the evidence against him by its own independent labors, rather than by the cruel, simple expedient of compelling it from his own mouth." *Miranda v. Arizona*, 384 U.S. 436, 460, 86 S.Ct. 1602, 1620, 16 L.Ed.2d 694 (1966). The Self–Incrimination Clause "spare[s] the accused from having to reveal, directly or indirectly, his knowledge of facts relating him to the offense or from having to share his thoughts and beliefs with the Government." *Doe v. United States*, 487 U.S. 201, 213, 108 S.Ct. 2341, 2349, 101 L.Ed.2d 184 (1988). The privilege against compelled self-incrimination applies throughout a defendant's sentencing proceedings. *See Estelle v. Smith*, 451 U.S. 454, 462–63, 101 S.Ct. 1866, 1872–73, 68 L.Ed.2d 359 (1981) (applying fifth amendment privilege against self-incrimination to state sentencing proceedings through the fourteenth amendment); *United States v. Berberian*, 767 F.2d 1324, 1326–27 (9th Cir.1985) (applying privilege to federal sentencing proceedings).

In *United States v. Gonzalez*, 897 F.2d 1018 (9th Cir.1990), we considered the question whether a district court may construe constitutionally protected *post-plea* conduct against a defendant in determining his acceptance of responsibility pursuant to section 3E1.1. *Id.* at 1020–21. In *Gonzalez*, the appellant contended that section 3E1.1 penalized defendants who proceeded to trial for exercising their fifth and sixth amendment rights. *Id.* at 1019–21. The appellant admitted that his strategy at trial was "to protest his innocence steadfastly." *Id.* at 1020. The appellant in *Gonzalez*

conceded in his brief on appeal that prior to the sentencing proceedings, he " 'never once swayed from this conviction and even told the probation officer that he was not involved.' " *Id.* (quoting Appellant's Brief). The district court concluded that the appellant had not accepted responsibility for his offense. *Id.* at 1019. We found no sixth amendment violation in the district court's application of section 3E1.1 because "the district judge stated explicitly that his decision was based upon Gonzalez's conduct at trial, and not upon Gonzalez's choice to exercise his sixth amendment right to trial." *Id.* at 1020. We further noted that "[t]he pursuit by a defendant of a trial strategy of denying culpability may lower his chances of obtaining the reduction under section 3E1.1, but these consequences do not constitute an infringement of the fifth amendment privilege against self-incrimination." *Id.* at 1021.

Consistent with our analysis in *Gonzalez*, we hold that in determining a defendant's acceptance of responsibility, a sentencing court cannot consider against a defendant any constitutionally protected conduct, whether it occurs before or after the entry of a plea. *See generally Estelle v. Smith*, 451 U.S. at 462–63, 101 S.Ct. at 1872–73 (fifth amendment privilege against self-incrimination applies at sentencing proceedings). Under the rule we announce today, a sentencing court cannot consider *against* a defendant any constitutionally protected conduct. Thus, the district court may not balance against evidence of remorse or acceptance of responsibility, the fact that the defendant requested counsel, or relied upon the privilege not to make any statement to the police or to assist them in gathering inculpatory evidence. This construction of section 3E1.1 will avoid an unconstitutional application of the Sentencing Guidelines. *See United States v. Security Indus. Bank*, 459 U.S. 70, 78, 103 S.Ct. 407, 412, 74 L.Ed.2d 235 (1982) (Under the "cardinal principle" of statutory construction, the federal courts must first " ' "ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided." ' ") (quoting *Lorillard v. Pons*, 434 U.S. 575, 577, 98

S.Ct. 866, 868, 55 L.Ed.2d 40 (1978) (quoting *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598 (1931)).

In the instant matter, the district court appears to have penalized Watt for exercising his privilege against self-incrimination. At the close of the sentencing hearing, the district court made the following findings regarding the applicability of section 3E1.1:

The issue of whether [the Assistant United States Attorney] is an authority or the issue of whether a probation officer is an authority, or both, is one that I do not believe we have to decide in this case. This one counts mildly in his favor. In view of the actual conduct which is set forth in the presentence report, indeed, voluntary surrender to authorities promptly after commission of the offense, that stands against him. *He didn't voluntarily surrender and, as shown in the presentence report, he didn't. So that counts against him rather than in his favor, in my judgment.*

*With respect to the next one, voluntary assistance to authorities in the recovery of the fruits and instrumentality of the offense, that also counts against him.* It doesn't count in his favor. The recovery of the fruits and instrumentalities were accomplished by virtue of the search that was consented to through the roommate plus the search warrant, and thus that one counts against him.

. . . .

G, the timeliness of the defendant's conduct in manifesting acceptance of responsibility. I sort of go both ways on that one. You can make a good argument as [the federal public defender] did that he manifested responsibility. I am not sure under the circumstances equally contrary evaluation of his conduct but he was caught red-handed on a serious offense in which he was facing extremely heavy charges, including the gun count which has a mandatory feature to it and the robbery count which has a very substantial heavy sentence under most any circumstances.

The upshot is in my view I exercise my discretion and I determine that he is not entitled to a reduction of two points in the offense level because I agree essentially for the reasons that I have just described and the reasons that are set forth by the probation office and I deny the recommended reduction of two levels in the guidelines which are applicable. (Emphasis added).

In asserting that the district court's application of Section 3E1.1 violated his fifth and sixth amendment rights, Watt also points to the probation officer's statement in the presentence report that Watt requested the assistance of counsel and refused to make a statement to the arresting officers regarding the bank robbery. Watt contends that the district court relied on this statement in refusing to apply the two-point reduction and, as a result, penalized him for exercising his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Contrary to Watt's assertion, the record shows that the district court did not rely on the probation officer's statement that Watt did not cooperate when he invoked his *Miranda* rights. Instead, the district court declined to make an adverse finding against Watt for failing to make an inculpatory statement to the arresting officer, "for fear that someone will claim I am invading his constitutional right not to make a statement without first consulting with an attorney." The fact that the probation officer's presentence report recommends an adverse inference because of Watt's exercise of his *Miranda* rights does not compel reversal. The district court exercised its right to reject the probation officer's recommendation. *United States v. Belgard*, 894 F.2d at 1097. Watt was not penalized for invoking his constitutional right to counsel.

We agree with Watt that the district court erred in concluding that Watt's failure to assist in the recovery of the fruits and instrumentalities of the crime "counts against him." Assisting in the recovery of the fruits and instrumentalities of a crime involves a waiver of fifth amendment rights. Penalizing a defendant for failing to provide evidence against himself or to make incriminating statements violates his constitutionally protected rights.

In its comments concerning acceptance of responsibility, the district court referred solely to Watt's pre-plea conduct. Watt argues that a district court must consider the defendant's post-plea conduct as well, beginning with the plea negotiations through and including his statements to the court during allocution in determining whether he is entitled to a reduction for acceptance of responsibility. Pursuant to 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (1988). "Section 3661 clearly states that there is no limitation upon the information that may be considered in fixing an appropriate punishment." *United States v. Duarte*, 901 F.2d 1498, 1499, 1501 (9th Cir.1990). We cannot tell from this record whether the district court considered Watt's post-plea conduct in denying the reduction for acceptance of responsibility recommended by the Assistant United States Attorney. We vacate and remand to the district court for resentencing with directions to make an express finding regarding whether it has considered Watt's post-plea conduct in assessing acceptance of responsibility.

VACATED and REMANDED with directions.