949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William KELLUM, Defendant-Appellant.
 No. 90-50617.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 10, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Kellum appeals his sentence following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Kellum contends the district court erred by refusing to award him a two point downward adjustment for acceptance of responsibility under the United States Sentencing Guidelines (Guidelines) and by departing upward from the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 I. Acceptance of Responsibility
 
 3
 Kellum contends the district court erred by denying him the acceptance of responsibility downward adjustment because that court: (1) misinterpreted the Guidelines to require him to accept responsibility for his entire criminal history and not just for the offense of conviction; and (2) erroneously, and in violation of his fifth amendment right against self-incrimination, considered Kellum's refusal to interview with the probation officer as a basis for denying the reduction.[1] These claims are without merit.
 
 
 4
 Whether a defendant has accepted responsibility for his crime is a factual determination subject to the clearly erroneous standard of review. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's determination will not be disturbed on appeal "[']unless it is without foundation.' " United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990) (emphasis in original) (quoting U.S.S.G. § 3E1.1, comment. n. 5).[2]
 
 
 5
 U.S.S.G. § 3E1.1 provides for a downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his criminal conduct. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 6
 The district court clearly premised its conclusion that Kellum did not merit this downward adjustment on his failure to accept responsibility for the offense of conviction. In making this finding, the district court specifically stated that:
 
 
 7
 [t]he thing that the Court notes from all of this is that this Defendant does not accept responsibility for his criminal life and for his criminal conduct, not only in this case, but in all of his life, and it's in this case that I'm focusing because I'm using the other acts, the other indicia of his failure to accept as merely more of a pattern.... He does not deserve the two-point reduction for acceptance of responsibility.
 
 
 8
 (RT 9/24/90, pp. 34-35). The district court did not premise its denial of the adjustment on Kellum's failure to accept responsibility for all of his past criminal conduct. Instead, the district court found that Kellum's past criminal activity, combined with other factors, indicated a failure to accept responsibility for the instant offense.
 
 
 9
 Further, although the district court could not consider Kellum's refusal to implicate himself in other uncharged offenses, see United States v. Watt, 910 F.2d 587, 593 (9th Cir.1990) (district court may not consider against defendant any constitutionally protected conduct such as assertion of right against self-incrimination), Kellum's refusal to speak to the probation officer regarding the offense of conviction properly could be considered as evidence of the lack of sincere contrition required under section 3E1.1., see, e.g., United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990) (grant of acceptance of responsibility adjustment reversed where defendant refused to discuss case with probation officer and declined to make a statement at sentencing hearing).
 
 
 10
 Here, the district court determined from the following evidence that Kellum failed to carry his burden of proving he had accepted responsibility for the offense of conviction: (1) Kellum's refusal to speak to the probation officer regarding the offense of conviction; (2) Kellum's extensive criminal history and record of recidivism; and (3) Kellum's own statements to the district court regarding his acceptance of responsibility.[3]
 
 
 11
 In light of this evidence, we cannot say that the district court clearly erred by concluding that Kellum was not sincerely contrite regarding his participation in the offense of conviction and denying the two point acceptance of responsibility downward adjustment. See Smith, 905 F.2d at 1302.
 
 II. Upward Departure
 
 12
 Kellum also contends the district court erred by departing upward from the applicable Guidelines range. Kellum argues that the district court's departure was unreasonable given the non-violent nature of Kellum's criminal history and that the district court failed to adequately articulate the specific basis for its decision to depart. This contention is without merit.
 
 
 13
 We recently articulated a three-part test for evaluating a district court's decision to depart from the presumptively applicable Guidelines range. United States v. Lira-Barazza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we determine de novo whether the district court identified an aggravating circumstance of a kind or to a degree not adequately taken into account by the Sentencing Commission. Id. at 746. Second, we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance. Id. Third, we review for abuse of discretion whether the extent of the departure was "unreasonable." Id. at 747; see also United States v. Floyd, No. 89-50295, slip op. 13,399, 13,405 (9th Cir. September 25, 1991).
 
 
 14
 Here, the district court premised its decision to depart upward on two aggravating factors: (a) that Kellum's criminal history category significantly understated the seriousness of his past criminal activities; and (b) that Kellum's likelihood of recidivism was extremely high.
 
 
 15
 a. Prior Felonies
 
 
 16
 Under the Guidelines, a defendant who accumulates 13 or more points pursuant to the criminal history calculation belongs in the highest criminal history category, category VI. U.S.S.G. § 5A. We have previously held that "[c]onvictions which could not be used in calculating the criminal history category may be considered independently by the trial court as a basis for upward departure precisely because the calculation under the Guidelines does not adequately take into account the prior criminal record." United States v. Durham, 941 F.2d 858, 863 (9th Cir.1991) (non-countable prior misdemeanor convictions may serve as a basis for upward departure).
 
 
 17
 Here, Kellum received 34 points pursuant to the presentence report (PSR) criminal history calculation, 21 points higher than necessary to classify him in criminal history category VI. In addition, numerous offenses were not counted toward this total because they were either consolidated for trial or sentencing or because they were pending at the time of sentencing. At sentencing, the district court stated that despite his obvious intelligence, his youth, and his health, Kellum's criminal history demonstrated that he had chosen to "prey on the community." In addition, the district court noted that Kellum's was "one of the most aggravated cases of career criminal background that I've had in many months in my court." The district court did not, therefore, clearly err by finding that the extent of Kellum's criminal history was an aggravating circumstance justifying departure. See Floyd, slip op. at 13,412.
 
 
 18
 b. Likelihood of Recidivism
 
 
 19
 We have also held that a defendant's "propensity for recidivism" may form the basis for upward departure in "those limited cases when a defendant's record is significantly more serious than that of other defendants in the same criminal history category." Durham, 941 F.2d at 863 (citing U.S.S.G. § 4A1.3 ("departure ... is warranted when the criminal history category significantly under-represents ... the likelihood that the defendant will commit further crimes")).
 
 
 20
 The district court cited Kellum's extensive criminal history, which included approximately 22 separate counts of conviction over the 11 years immediately preceding the instant offense, and his justification of his life of crime as evidence that recidivism was a virtual certainty. The court pointed out that Kellum's "rap sheet runs all the way from one coast to the other, and when he gets out, I don't know what state he's going to bless with his presence, but whoever it is, they're going to become quickly aware of his presence." Even though Kellum lacks the history of violent criminal activity present in Durham, we cannot say that the district court clearly erred by finding that Kellum's was "a very, very bad case," and that he represented an extreme risk of recidivism. See Durham, 941 F.2d at 863.
 
 
 21
 c. Reasonableness of Degree of Departure
 
 
 22
 Kellum received a base offense level of ten and his 34 criminal history points placed him in criminal history category VI. His resulting Guidelines range was 24-30 months. The district court departed upward by 20 months, imposing a fifty month sentence. The district court arrived at this degree of departure by extrapolating along the horizontal axis of criminal history categories using the mathematical formula suggested by the Guidelines. The result was an analogous departure range of 41-51 months based upon an analogous criminal history category XIII. The extent of this departure was not unreasonable. See Lira-Barraza, 941 F.2d at 751; see also United States v. Schmude, 901 F.2d 555, 560 (7th Cir.1990) (endorsing the mathematical approach utilized by the district court here).
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kellum also contends he was not afforded a "legitimate opportunity to demonstrate to the court that he had accepted responsibility" for the offense of conviction because the district court's alleged "misinterpretation of [Kellum's] statements, erroneous consideration of his refusal to interview with probation officer, and misapplication of Section 3E1.1" resulted in denial of the acceptance of responsibility adjustment
 We decline to address this argument because Kellum raises it for the first time on appeal. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 2 U.S.S.G. § 3E1.1, comment. n. 5 was amended effective November 1, 1990, to eliminate the langugae quoted above in Smith. However, the language quoted in Smith was controlling at the time sentence was imposed on Kellum on September 24, 1990. See United States v. Turner, 898 F.2d 705, 709 n. 1 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990) (citing 18 U.S.C. § 3553(a)(4) and (5) which provide that the Guidelines "in effect on the date the defendant is sentenced" are to be applied).
 
 
 [3]
 In a letter to the district court, Kellum admitted to each element of the crime. However, he stated that he "regret[ed] that I did this [crime] because I certainly do not enjoy being incarcerated." In addition, at the sentencing hearing Kellum admitted being a forger but denied ever being a thief, stating, "I didn't steal anything. I do not steal. As my record will reflect, I am not a thief. I may be a forger, but I am not a thief. I do not make a living by selling stolen property."