955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry WEAVER, Defendant-Appellant.
 No. 90-50624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Weaver appeals his sentence following entry of a guilty plea to conspiracy to import marijuana, in violation of 21 U.S.C. §§ 952, 960 and 963. Weaver contends the district court erred by denying him a downward adjustment of his base offense level for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Whether a defendant has accepted responsibility for his crime is a factual determination subject to the clearly erroneous standard of review. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's determination will not be disturbed on appeal " 'unless it is without foundation.' " United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990) (emphasis in original) (quoting U.S.S.G. § 3E1.1, comment. n. 5).[1]
 
 
 4
 U.S.S.G. § 3E1.1 provides for a downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his criminal conduct. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A defendant who accepts responsibility for his choices but attempts to minimize his involvement in the crime of conviction is not entitled to the downward adjustment for acceptance of responsibility. United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 5
 Here, the district court specifically found that Weaver was not entirely truthful when detailing his responsibility in the actions undertaken by the conspiracy. In fact, the district court stated that he "thought [he] was hearing a fairy tale" during Weaver's explanation of how he came to be involved in the conspiracy. Weaver stated at the plea hearing that he thought he was merely going to be a participant in an abalone diving expedition until he and all of the equipment arrived at the beach on the night scheduled for the offloading of the marijuana. Other evidence, however, established that Weaver was the mechanic whose job it was to keep all of the equipment essential to the smuggling operation in working order, that Weaver lived with the chief conspirator for two weeks prior to the scheduled offloading, that Weaver was present when details regarding the smuggling operation were discussed, and that Weaver made the final payments on two of the smugglers' boats and signed the invoice with a false name. In light of this evidence, we hold that the district court did not clearly err by concluding that Weaver failed to accept responsibility for the full extent of his participation in the conspiracy. See Corley, 909 F.2d at 362; Smith, 905 F.2d at 1302
 
 
 6
 Further, although Weaver correctly points out that the district court could not consider Weaver's refusal to implicate himself in other uncharged offenses, see United States v. Watt, 910 F.2d 587, 593 (9th Cir.1990) (district court may not consider against defendant any constitutionally protected conduct such as assertion of right against self-incrimination), abrogated on other grounds, United States v. Anderson, 942 F.2d 606, 614 n. 5 (9th Cir.1991), he cites no valid examples of such improper actions by the district court.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G. § 3E1.1, comment. n. 5 was amended effective November 1, 1990, to eliminate the language quoted above in Smith. However, the language quoted in Smith was controlling at the time sentence was imposed on Weaver on October 22, 1990. See United States v. Turner, 898 F.2d 705, 709 n. 1 (9th Cir.), cert. denied, 110 S.Ct. 2574 (1990) (citing 18 U.S.C. § 3553(a)(4) and (5) which provide that the Guidelines "in effect on the date the defendant is sentenced" are to be applied).
 
 
 [2]
 The April 25, 1991 Order to Show Cause for failure to file opening briefs in this matter is discharged