967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ludie Charles WASHINGTON, Defendant-Appellant.
 No. 90-50265.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided June 2, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and MacBRIDE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 (A) The Motion to Suppress
 
 
 4
 Ludie Charles Washington, Sr., argues that the cocaine and other evidence recovered from the packages should have been suppressed because (1) the packages were improperly detained and submitted to dog sniffs and (2) the warrants authorizing a search of the packages were not founded on probable cause.
 
 
 5
 Postal authorities need not have probable cause to seize and detain packages. They may do so if they have a reasonable and articulable suspicion of criminal activity. United States v. Aldaz, 921 F.2d 227, 229 (9th Cir.1990). The postal inspectors had such a suspicion, based in part on the following:
 
 
 6
 (a) The packages were larger than packages usually sent via Express Mail.
 
 
 7
 (b) The packages were heavily sealed.
 
 
 8
 (c) The address labels on the packages were handwritten rather than typed. In the experience of a postal inspector on the case, "virtually all" packages containing controlled substances bear handwritten labels.
 
 
 9
 (d) Washington paid cash for the packages, and he gave no identification.
 
 
 10
 (e) The packages had different return addresses, and one package indicated a female sender.
 
 
 11
 (f) Postal inspectors cross-checked the names on the return addresses on the packages with the names of individuals listed in post office files as residing at those addresses and found the names did not match.
 
 
 12
 (g) The packages were being sent from a post office suspected of being a conduit for controlled substances.
 
 
 13
 (h) East Chicago and Gary, Indiana, are cities suspected of receiving controlled substances from Los Angeles.
 
 
 14
 Although each of these factors, viewed in isolation, is consistent with innocent activity, in the aggregate they suffice to ground a reasonable, articulable suspicion. See, e.g., United States v. Sokolow, 490 U.S. 1, 9 (1989).
 
 
 15
 Even if an initial seizure is warranted, however, a lengthy detention may at some point become unreasonable under the Fourth Amendment. Aldaz, 921 F.2d at 229 (citing United States v. Van Leeuwen, 397 U.S. 249, 252 (1970)). We have rejected a bright line approach to such questions. Id. at 230. The critical question is whether, based on the facts, the delay in handling the packages was unreasonable. Id. The reasonableness of the delay is determined "by assessing the reasonableness of its components." Id.
 
 
 16
 Washington mailed the packages at about 5:00 p.m. on August 9, 1989. The packages were submitted to a dog sniff in Los Angeles at about 9:00 p.m. the same day. They were immediately forwarded under seal to Indiana. Upon receipt the next day, postal inspectors once again, and promptly, subjected them to a dog sniff. Search warrants were then sought and secured. After the search warrants were executed, the packages were prepared for controlled delivery. The deliveries took place the following day, August 11.
 
 
 17
 The record indicates that the postal inspectors acted deliberately and without undue delay. The length of the detention was not unreasonable. The packages were delivered to their destinations in a time frame consistent with Washington's contractually-grounded expectations. See United States v. LaFrance, 879 F.2d 1, 7 (1st Cir.1989).
 
 
 18
 Washington also claims that the warrants issued by the magistrate in Indiana were not supported by probable cause. Washington contends that the affidavits were insufficient to give rise to probable cause.
 
 
 19
 A magistrate's determination that probable cause exists is entitled to great deference. United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). The magistrate had a substantial basis for concluding that there was probable cause.
 
 
 20
 Washington's argument with respect to Cernelich's experience is unpersuasive. The extent of an inspector's investigative experience is not a "fact" that would ground a probable cause determination regarding the presence of contraband in the packages sent by Washington. It was enough for Cernelich to state that he was a postal inspector with personal knowledge and information regarding the packages. See United States v. Ventresca, 380 U.S. 102, 109 (1965) ("where reason for crediting the source of the information is given," affidavit should be interpreted in commonsense, rather than hypertechnical, manner).
 
 
 21
 Washington's assertion that the affidavits fail to identify specifically the packages identified in Los Angeles is hypertechnical. Reading the affidavits as a whole, the phrase "an Express Mail parcel" is best viewed as referring to the parcel already described by parcel number. A magistrate is permitted to draw reasonable inferences from the affidavit. See, e.g., United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991).
 
 
 22
 "A validly conducted dog sniff can supply the probable cause necessary for issuing a search warrant only if sufficient reliability is established by the application for the warrant." United States v. Spetz, 721 F.2d 1457, 1464 (9th Cir.1983). The Spetz court held that such reliability had been established. Id. The affidavit on which the Spetz search warrant had been secured stated that the dog had correctly alerted on 60 out of 66 occasions. Id. at 1464 n. 15. It also referred to the fact that another dog corroborated the "hit." Id. The Spetz affidavit did not state that the dog had been trained or certified to do narcotics detection work.
 
 
 23
 We decline Washington's invitation to inflexibly require a recitation of a dog's "accuracy ratio." Significantly, Spetz did not purport to hold that affidavits must contain an accuracy ratio. Spetz only held that the affidavit, viewed as a whole, established the dog's reliability. See, e.g., United States v. Fernandez, 772 F.2d 495, 498 n. 2 (9th Cir.1985) (reading Spetz to forbid a finding of probable cause in absence of any factors supporting dog's reliability). Even though the affidavits in this case do not contain an accuracy ratio, they do indicate the Indiana dog's reliability. The affidavits state that the dog is "an Indianapolis Police Department Detection canine certified to detect marijuana and cocaine." The affidavits also state that more than fifty positive alerts by the dog within the two previous years had led to arrests. Viewed along with the permissible inferences to which they give rise, these statements justify the conclusion that the dog was reliable. See, e.g., United States v. Klein, 626 F.2d 22, 27 (7th Cir.1980).
 
 
 24
 (B) Sufficiency of the Evidence
 
 
 25
 Washington contends that the circumstantial evidence adduced at trial was insufficient to support the mens rea elements of his convictions.
 
 
 26
 To be convicted under 21 U.S.C. § 841(a)(1), a defendant must knowingly possess a controlled substance or be aware of a high probability of possession and consciously disregard the possibility. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.1988). Possession of large quantities of contraband may itself be enough to support a finding of knowledge. Id. Under this analysis, Washington's possession of packages containing over three kilos of cocaine is enough in itself to support the conclusion that he had the requisite knowledge.
 
 
 27
 Other evidence buttresses this conclusion. Washington's fingerprints were identified on a bag found inside the package containing 2,992 grams of cocaine. A record label bearing the name "Lou D. Washington" was found inside the package containing 131 grams of cocaine. Washington's handwriting was identified on both packages. The evidence also supports the conclusion that Washington lied to the postal clerk when he stated that the packages contained clothing.
 
 
 28
 (C) Acceptance of Responsibility
 
 
 29
 Washington contends that it was error for the district court to refuse to reduce his offense level by two points for acceptance of responsibility.
 
 
 30
 Section 3E1.1 of the Sentencing Guidelines permits a two point reduction in the offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The adjustment is intended only for the benefit of those who manifest sincere contrition. United States v. Skillman, 922 F.2d 1370, 1378 (9th Cir.1990). Application Note 5 to § 3E1.1 cautions that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."
 
 
 31
 Washington made a "conditional" admission. The district court referred to Washington's condition as "a primary restriction," and it concluded, "[t]o me, that's not acceptance of responsibility."
 
 
 32
 Washington nevertheless contends that, in his case, denial of the § 3E1.1 adjustment violates the Fifth Amendment's protection against self-incrimination. He argues that by treating the restriction as contrary to an acceptance of responsibility the district court was actually penalizing him for asserting his Fifth Amendment right.
 
 
 33
 We have acknowledged that improper application of the commentary to § 3E1.1 can violate the Fifth Amendment. United States v. Watt, 910 F.2d 587, 591 (9th Cir.1990). However, even if the district court erred under Watt, the error is not reversible in light of the district court's conclusion that Washington's statements did not rise to the level of contrition in the first place. 18 U.S.C. § 3742(f); Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992). At most, the district court's finding that the restriction belied any acceptance of responsibility was alternative support for its conclusion that Washington's statements did not get him across the § 3E1.1 threshold. That conclusion is not clearly erroneous. The sentence imposed is within the applicable guideline range. See 18 U.S.C. § 3742(f)(2)-(3).
 
 
 34
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Thomas J. MacBride, Senior District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3