967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerry ANDERBERG, Defendant-Appellant.
 No. 91-30183.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerry Anderberg appeals from his sentence, imposed following a jury trial, for assaulting a federal officer in violation of 18 U.S.C. § 111. Anderberg contends that the district court (1) failed to articulate sufficiently specific grounds for denying him an adjustment in his sentencing range for acceptance of responsibility, and (2) erroneously refused to grant the adjustment solely because he had exercised his right to a trial. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentence and remand for resentencing.
 
 
 3
 Whether a defendant has accepted responsibility for his offense is a factual finding which we review for clear error. United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991). "We review de novo the district court's application of the Sentencing Guidelines." United States v. Watt, 910 F.2d 587, 589 (9th Cir.1990).
 
 
 4
 The district court must reduce a defendant's offense level by two levels if the defendant accepts personal responsibility for his conduct, "without regard to whether [the] conviction is based upon a guilty plea or a finding of guilt by the court or jury...." U.S.S.G. § 3E1.1. Although the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, ... [c]onviction by trial ... does not automatically preclude a defendant from consideration for such a reduction." Id., comment. (n. 2). Further, "in determining a defendant's acceptance of responsibility, a sentencing court cannot consider against a defendant any constitutionally protected conduct...." Watt, 910 F.2d at 592 (district court may not consider defendant's request for counsel and assertion of right to remain silent after arrest when determining whether defendant accepted responsibility); cf. United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990) (no error where district court explicitly stated that its denial of section 3E1.1 adjustment was based on defendant's steadfast assertion of innocence during and after trial, rather than his decision to go to trial).
 
 
 5
 Here, Anderberg admitted before and during trial that he had struck Postmaster Robert Downey with his crutch, but asserted that he had been in great pain following recent surgery and had acted in self-defense because he feared that Downey might cause him to re-injure his leg. The jury rejected his defense and convicted him. The presentence report stated that there was "no evidence that defendant has affirmatively accepted responsibility for his conduct in a timely manner ..." (ER at 4). At sentencing, the district court made the following statement:
 
 
 6
 I cannot give you any acceptance of responsibility. You went to trial in this case and contested the case. You can't have it both ways. You either plead or you accept responsibility. And your situation--you made a pitch through your lawyer to the jury to acquit you to give you no responsibility. So I will not give you any reduction for any belated acceptance of responsibility. You should have thought of that before you elected to go to trial.
 
 
 7
 (RT 5/13/91 at 11-12) (emphasis added).
 
 
 8
 The district court did not actually make a factual finding as to whether Anderberg had accepted responsibility. Rather, by refusing to consider any "belated acceptance of responsibility," the district court implicitly ruled that Anderberg was precluded as a matter of law from receiving the adjustment because he had elected to go to trial.[1] This is incorrect. Although a defendant may lessen his chances of receiving the adjustment by protesting his innocence at trial, see Gonzalez, 897 F.2d at 1021, the guideline clearly states that conviction following a trial does not preclude the adjustment entirely, see U.S.S.G. § 3E1.1(b); see also Molina, 934 F.2d at 1451 ("[t]he sentencing judge must consider all the evidence bearing on the issue of the defendant's contrition--or lack thereof--and decide whether he has made the requisite showing"). Unlike the situation in Gonzalez or Molina, it is not clear that the district court based its decision on Anderberg's trial strategy rather than on the fact that he went to trial at all.
 
 
 9
 Accordingly, we vacate the sentence and remand for resentencing. On remand, the district court must find as a matter of fact whether Anderberg accepted responsibility within the meaning of section 3E1.1.[2] See Watt, 910 F.2d at 592-93.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This conclusion is bolstered by the district court's Findings of Fact order, which reads in relevant part: "ORDER denying objection and finding the defendant is not entitled to a 2 point reduction for acceptance of responsibility. The defendant went to trial and was convicted by a jury." (ER at 35)
 
 
 [2]
 Because we conclude that the district court erroneously relied on Anderberg's decision to go to trial as a basis on which to deny the adjustment, we do not reach his contention that the district court failed to resolve disputed facts before imposing sentence. On remand, the district court must resolve any disputed facts pertinent to its decision to award or deny the downward adjustment, if any exist. See United States v. Brady, 928 F.2d 844, 848 (9th Cir.1991)