UNITED STATES of America,
Plaintiff–Appellee,

v.

Herman HALL, Jr., Defendant–
Appellant.

No. 91–50137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1991.

Decided Dec. 31, 1991.

Rose Reilly and Myra Sun, Deputy Federal Public Defenders, Los Angeles, Cal., for defendant-appellant.

Michael Reese Davis, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.

PER CURIAM:

Appellant Hall, convicted of six counts of bank robbery and four counts of use of a firearm during a crime of violence, appeals his sentence of 365 months on the ground the district court erred in denying a two-level reduction in his offense level for acceptance of responsibility.

U.S.S.G. § 3E1.1(a) provides: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." This circuit reviews for clear error the factual finding that a defendant has not accepted responsibility for his criminal conduct. *United States v. Ramos*, 923 F.2d 1346, 1360 (9th Cir.1991). Because the " 'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,' . . . her determination 'is entitled to great deference on review.' " *United States v. Smith*, 905 F.2d 1296, 1301 (9th Cir.1990) (citing U.S.S.G. § 3E1.1, comment. (n. 5)).

Hall argues his confession to two F.B.I. agents three months after he was first arrested and questioned constituted an acceptance of responsibility because he admitted committing the robberies and revealed that his friend, Joseph Ladmirault, was his partner in a number of the robberies. Although he later moved to suppress the confession, he stresses he never denied committing the robberies, but merely argued the confession was inadmissible because he made it only in return for a guarantee his sentence would not exceed fifteen years.

As the district court pointed out, however, the fact Hall did not deny committing the bank robberies did not necessarily indicate he had accepted responsibility for them within the meaning of section 3E1.1. Section 3E1.1(c) provides: "A defendant who enters a guilty plea is not entitled to a sentencing reduction . . . as a matter of right." A defendant may plead guilty, or confess, not because he has truly accepted responsibility for his conduct but because he has an ulterior motive, such as a desire to receive a lighter sentence. Where a district court finds a confession is motivated not from actual remorse but from the wish to receive more lenient sentencing, and the finding is not clearly erroneous, the court does not err in ruling the confession does not constitute an acceptance of responsibility. *See, e.g., United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989) (district court did not clearly err in finding a confession constituted an attempt to avoid a lengthy sentence rather than an acceptance of responsibility); *United States v. Charria*, 919 F.2d 842, 849 (2d Cir.1990); *United States v. Franklin*, 902 F.2d 501, 505–06 (7th Cir.1990) (same). In light of Hall's remark to the F.B.I. agents that he was confessing because he hoped the judge would consider his cooperation, and of his statements at the suppression hearing that he confessed only to get a lighter sentence, the district court did not clearly err in finding the confession did not evidence an acceptance of responsibility.[1]

Hall further maintains the district court could not consider the discrepancies between his confession to the F.B.I. agents and his statements to the probation officer as evidence that his professions of remorse to the probation officer were not sincere. He argues first that because he has a history of mental illness, his motive for and explanations about the crimes were bound to be irrational (and therefore, presumably, inconsistent), and "[t]o withhold the reduction because of this irrationality would be to improperly punish him for being mentally ill." He cites *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (defendant could not be punished merely because of his "status" as a narcotics addict).

Hall was not denied the acceptance of responsibility reduction because of his "status" as a mentally ill person. He was

---

1. Hall's contention the court clearly erred in finding any acceptance of responsibility came "very late in the game" is based on his claim that he accepted responsibility early on by confessing to the F.B.I. Because we reject the claim the court erred by not finding the confession constituted affirmative acceptance of responsibility, we also reject the claim the court erred by not finding the confession an early acceptance.

denied it, *inter alia,* because the court agreed with the probation officer that his statements were not credible. There is no showing the adverse finding on the acceptance of responsibility issue was premised on the notion that his alleged motive for robbing the banks—his wish to die during the course of a robbery—was irrational but genuine. Rather, the record indicates the probation officer did not believe Hall actually harbored that motive.

■ Hall also contends the discrepancies were immaterial to whether he accepted responsibility for the offenses of conviction because they did not concern his "own involvement" in the crimes. In both his statement to the probation officer and his confession to the F.B.I. agents, Hall admitted committing the robberies. Therefore, he claims, it is irrelevant that he told the F.B.I. that he took Ladmirault along on some of the robberies to train him how to rob banks and that Keisha Conwright, Hall's girlfriend, received a share of the proceeds for acting as his getaway driver, while he told the probation officer that Ladmirault was not in training and already knew how to rob banks and that Conwright "did not know of his intentions" in robbing the banks.

We rejected a similar contention in *United States v. Smith,* 905 F.2d at 1301–02. *Smith* held that although defendant admitted his role in a bank robbery to the F.B.I. and gave the agency enough information to arrest the other two participants, the district court did not clearly err in finding he had not accepted responsibility, because his version of the facts differed when he spoke to the probation officer preparing the sentencing report. *Id.* For example, he minimized his involvement in the robbery, claimed he participated out of fear of one of the other robbers, and said that he had not known the other participants had a gun during the robbery. *Id.* at 1302.

Hall's conflicting statements, like Smith's, were made while explaining why his motive for committing the crime was something other than the desire for money: Hall stated that he was not training Ladmirault and that Conwright "did not know of

his intentions" because the probation officer expressed doubt about Hall's alleged "death wish" in view of his earlier admissions about Ladmirault's and Conwright's roles. Moreover, this court has held the district court may consider evidence a defendant has dissembled about a collateral matter during his presentence interview to discredit professions of remorse and acceptance of responsibility for the offense of conviction. *See, e.g., United States v. Cooper,* 912 F.2d 344, 348 (9th Cir.1990).

■ Hall also claims the denial of the reduction was illegal because it resulted ultimately from his exercise of his rights to have counsel present at his presentence interview and to choose trial over a guilty plea. These claims raise questions of law which we review *de novo. See United States v. Watt,* 910 F.2d 587, 589 (9th Cir. 1990).

Hall argues the district court violated *United States v. Herrera–Figueroa,* 918 F.2d 1430, 1431 (9th Cir.1990) (probation officer must honor federal defendant's request for counsel's presence at presentence interview), by relying on the probation officer's finding that Hall's professions of remorse were not sincere because they were made only after "coaching and direction" from his counsel. However, the court's reliance on the probation officer's observation does not indicate the court felt that Hall should be punished for having counsel present to advise him, but simply that Hall's manner of responding did not reflect his own, genuine remorse. The court was entitled to find Hall did not "clearly demonstrate[ ] . . . affirmative acceptance of personal responsibility." U.S.S.G. § 3E1.1(a); *cf. United States v. Royer,* 895 F.2d 28, 30 (1st Cir.1990) ("[M]erely mouthing empty platitudes should not entitle an offender to discretionary credit. . . . [A]cceptance of responsibility necessitates candor and authentic remorse—not merely a pat recital of the vocabulary of contrition.") (citation omitted).

■ We also find meritless Hall's contention the district court denied the reduction in order to penalize him for deciding to go to trial rather than to plead guilty. The record does not support Hall's assertion that the court impermissibly "balance[d his

decision to be tried] against evidence of remorse or acceptance of responsibility...." *Watt*, 910 F.2d at 592. The court's pretrial comments on which Hall relies show only that the court wanted to make sure Hall knew that if he was convicted, the court might approve an upward departure from the Guidelines' sentencing range based on the nine counts of bank robbery the government dismissed just before trial. In any event, the court denied the government's request for such a departure at the sentencing hearing. The district judge specifically stated that her refusal to reduce for acceptance of responsibility was not based on Hall's decision to go to trial. Based on the evidence in the record, we would not be justified in disregarding her statement.

AFFIRMED.