962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Milton COLLINS, Jr., Defendant-Appellant.
 No. 91-10401.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Milton Collins, Jr., appeals his sentence, imposed following conviction on a guilty plea, for growing marijuana plants in violation of 21 U.S.C. § 841(a)(1). Collins contends that the district court erred by denying his request for a two-level reduction of his offense level for acceptance of responsibility pursuant to United States Sentencing Guidelines § 3E1.1 because he entered a guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 "We review this essentially factual determination for clear error." United States v. Martinez-Gonzalez, No. 90-50561, slip op. 4283, 4290 (9th Cir. April 20, 1992). "Because the sentencing judge is 'in a unique position to evaluate a defendant's acceptance of responsibility,' . . . [his] determination is entitled to 'great deference.' " Id. (quoting U.S.S.G. § 3E1.1, comment. (n.5).
 
 
 4
 "U.S.S.G. § 3E1.1(a) provides: '[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.' " United States v. Hall, 952 F.2d 1170, 1171 (9th Cir. 1991). "[S]ection 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty." United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir. 1991); U.S.S.G. § 3E1.1(c). A defendant must sincelrely manifest remorse or contrition to receive a reduction for acceptance of responsibility. Id.
 
 
 5
 Here, although Collins pled guilty to growing 1,400 marijuana seedlings with a confidential informant ("CI"), he told the probation officer that the CI "suckered" him into doing it. The district court found that Collins' account of his involvement in the offense did not show sincere contrition. The district court's finding was not clearly erroneous. See Ramos, 923 F.2d at 1360. We have examined Collins' other contentions and now reject them.
 
 
 6
 Therefore, the district court did not clearly err by determining that Collins was not entitled to a two-level reduction of his offense level for acceptance of responsibility. See Ramos, 923 F.2d at 1360-61.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3