962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph LADMIRAULT, Defendant-Appellant.
 No. 91-50295.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Ladmirault appeals his sentence, imposed following conviction after jury trial, for four counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Ladmirault contends that the district court erred by (1) denying a two-level reduction in his offense level for acceptance of responsibility pursuant to section 3E1.1 of the United States Sentencing Guidelines ("Guidelines"), and (2) denying a two-level reduction in his offense level for being a minor participant in the offenses pursuant to section 3B1.2 of the Guidelines. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I. Acceptance of Responsibility
 
 3
 Ladmirault contends that he was entitled to a two-level reduction of his offense level for acceptance of responsibility because of a pretrial letter in which he confessed to participating in five or six bank robberies. We disagree.
 
 
 4
 We review de novo the district court's application of the Guidelines. United States v. Hall, 952 F.2d 1170, 1172 (9th Cir.1991). "Whether or not a defendant has accepted responsibility for his crime is a factual determination we review for clear error." United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991).
 
 
 5
 "The Guidelines allow a two-level reduction in the defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (citation omitted). "[S]ection 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty." United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991); U.S.S.G. § 3E1.1(c). A defendant must sincerely manifest remorse or contrition to receive a reduction for acceptance of responsibility. Ramos, 923 F.2d at 1360. A district court "cannot consider against a defendant any constitutionally protected conduct." United States v. Watt, 910 F.2d 587, 592 (9th Cir.1990). Nonetheless, where no additional evidence is presented to show an indication of remorse for the offense, a defendant's refusal to discuss his case with a probation officer supports the denial of a downward adjustment for acceptance of responsibility. United States v. Skillman, 922 F.2d 1370, 1378-79 (9th Cir.1990).
 
 
 6
 Prior to jury trial, Ladmirault attempted to reach a plea bargain with the prosecution by confessing to a limited number of bank robberies in a written letter. Nevertheless, a plea agreement was not reached. Subsequently, Ladmirault was convicted at trial. With the approval of his counsel, Ladmirault refused to speak with the probation officer. At sentencing hearings, Ladmirault asserted that the district court denied the two-level reduction because he elected to go to trial (RT 5/1/91 at 13), and that the Federal Bureau of Investigation conspired to convict him (RT 5/6/91 at 6). The district court stated, "I'm not holding him [sic] going to trial against him, that doesn't enter into the question here about acceptance of responsibility. I am saying to you that as a matter of fact, there was no reason for me to reach the conclusion that at any time he ever accepted responsibility" (RT 5/1/91 at 13).
 
 
 7
 Ladmirault's pretrial confession of his involvement in the offenses did not show sincere contrition in the opinion of the district court. This finding was not clearly erroneous. See Ramos, 923 F.2d at 1360. The district judge clearly stated that she did not refuse Ladmirault a reduction based on his decision to go to trial. See Hall, 952 F.2d at 1173. Because Ladmirault refused to speak with the probation officer, there was no subsequent indication of remorse. See Skillman, 922 F.2d at 1379.
 
 
 8
 Therefore, the district court did not err by determining that Ladmirault was not entitled to a two-level reduction of his offense level for acceptance of responsibility. See Ramos, 923 F.2d at 1360-61; Skillman, 922 F.2d at 1379.
 
 II. Minor Participant
 
 9
 Ladmirault contends that he was entitled to a two-level reduction of his offense level for being a minor participant because he played a lesser role in the offenses than his co-defendant. We disagree.
 
 
 10
 Whether a defendant is a minor participant is a factual determination which we review for clear error. United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991).
 
 
 11
 A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3).[1] A defendant is not automatically entitled to a reduction for being a minor participant because he is less culpable than a co-defendant. United States v. Andrus, 925 F.2d 335, 337-38 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). "The downward adjustment under section 3B1.2 is to be used infrequently." United States v. Christman, 894 F.2d 339, 341 (9th Cir.1990).
 
 
 12
 Here, the district court adopted the presentence report, which specifically found that during the first two bank robberies: (1) Ladmirault and his co-defendant entered into the banks; (2) Ladmirault handed notes to the tellers indicating that this was a bank robbery; and (3) Ladmirault stated, "give me all the money." Ladmirault committed the other two banks robberies by himself.
 
 
 13
 Ladmirault's actions in the first two bank robberies "amply demonstrate[ ] that he ... [was] not substantially less culpable than an average participant in such a crime." See Andrus, 925 F.2d at 338; see also United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990) (defendant not entitled to reduction for being minor participant where he "significantly participated in planning the [bank] robbery"). Because Ladmirault was the only defendant involved in the latter two bank robberies, he was not entitled to a reduction for being a minor participant. See U.S.S.G. § 3B1.2, comment. (n. 2).
 
 
 14
 Therefore, the district court did not clearly err by determining that Ladmirault was not entitled to a two-level reduction of his offense level for being a minor participant. See Andrus, 925 F.2d at 338; Howard, 894 F.2d at 1088.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This circuit has not yet decided whether the defendant's actions are compared to a participant in this particular criminal offense or to an average participant in this type of crime in general. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir), cert. denied, 112 S.Ct. 249 (1991); United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We need not decide this issue here because " 'under either comparison the district court did not err.' " See Andrus, 925 F.2d at 338 (quoting Howard, 894 F.2d at 1088)