972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charlie BURNS, aka Leo Burnes Churley, aka Charley L.
Burnes, Defendant-Appellant.
 No. 91-30350.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charlie Burns appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), following a guilty plea, for possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Burns contends that the district court erred by denying him a two-level downward adjustment in his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines, while reviewing for clear error the factual finding that a defendant has not accepted responsibility for his criminal conduct. United States v. Hall, 952 F.2d 1170, 1171-72 (9th Cir.1991).
 
 
 4
 "The Guidelines allow a two-level reduction in the defendant's total offense level if the 'defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.' " United States v. Brady, 928 F.2d 844, 847 (9th Cir.1991) (citation omitted). Section 3E1.1 does not automatically require a downward adjustment whenever a defendant pleads guilty. United States v. Morales, 961 F.2d 1428, 1430-31 (9th Cir.1992); U.S.S.G. § 3E1.1, comment. (n. 3). A defendant who truthfully answers the district court's questions concerning the factual basis of his guilty plea but is in a state of denial with regard to the reasons for that involvement is not entitled to a downward adjustment for acceptance of responsibility. See Morales, 961 F.2d at 1430-31; see also United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992) (upholding district court's denial of a downward adjustment where the truthfulness of defendant's " 'self-serving' statements regarding her involvement in the offense and related conduct" were questionable).
 
 
 5
 Here, although Burns pled guilty to the underlying offenses, he told the probation officer that he was guilty of some of the offenses upon which he entered a guilty plea and not of others. Burns stated that the confidential informant manufactured stories concerning his involvement. Finally, Burns told the probation officer that he was tired of the "hassle" and entered his guilty plea to end the government's perserverance in prosecuting him. For these reasons, the probation officer recommended that Burns not receive a two-level reduction for acceptance responsibility. At sentencing, the district court expressly adopted the presentence report and found that Burns' account of his involvement in the offense did not "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for all of his criminal conduct, especially in light of the fact that ... [he] has failed to demonstrate a record of contrition for his extensive criminal conduct" (RT 9/9/91 at 26-27).
 
 
 6
 In light of these facts, the district court's finding was not clearly erroneous. See Martinez-Gonzalez, 962 F.2d at 878; see also Morales, 961 F.2d at 1431.[1] Therefore, the district court did not clearly err by determining that Burns was not entitled to a two-level downward adjustment of his offense level for acceptance of responsibility. See Martinez-Gonzalez, 962 F.2d at 878.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burns also argues that the denial of his reduction was illegal because it resulted from the exercise of his constitutional right to (1) elect a trial on a count which was later dismissed, and (2) maintain his innocence for uncharged, unproved conduct. He further argues that denial of his reduction was illegal because it was based on the fact that he did not plead guilty to the instant offenses until the day trial was scheduled to begin. The record does not support these contentions, thus they lack merit
 In his reply brief, Burns contends for the first time that under the version of section 3E1.1, comment. (n. 3), effective as of November 1, 1990, a defendant need not "manifest sincere contrition," and that his admissions constituted sufficient "significant evidence" to show his acceptance of responsibility. We generally decline to consider arguments raised for the first time in a reply brief. United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992). Accordingly, to the extent this constitutes a contention that the district court applied the wrong version of the Guidelines, we decline to address it.