972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Francis WRIGHT, Defendant-Appellant.
 No. 92-50024.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Wright appeals from his sentence under the United States Sentencing Guidelines, imposed following a guilty plea, for conspiracy to manufacture and possess counterfeit currency with intent to distribute in violation of 18 U.S.C. § 371. Wright contends that the district court erred by (1) adjusting his base offense level upward by four levels because the face value of the counterfeit currency exceeded $20,000, and (2) denying him a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Hall, 952 F.2d 1170, 1172 (9th Cir.1991).
 
 I. Value of Counterfeit Items
 
 4
 Wright pleaded guilty to conspiracy, and admits that he was in the process of manufacturing counterfeit bills with a face value of $20,640, but contends that the district court should have used only the completed bills to calculate his sentence. This contention lacks merit.
 
 
 5
 U.S.S.G. § 2X1.1 applies to conspiracies not specifically covered by other sections of Chapter 2.[1] The district court is directed to apply the base offense level applicable to the substantive offense that was the object of the conspiracy, and to decrease the base offense level by three "unless the defendant or a coconspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension...." U.S.S.G. § 2X1.1(b)(2).
 
 
 6
 Wright and his codefendant, Mann, were apprehended while in the process of manufacturing currency. Thus, the base offense level for Wright's offense is 9. U.S.S.G. § 2B5.1(a). Pursuant to section 2B5.1(b), if the face value of the counterfeit currency exceeds $2,000, the district court is directed to apply an upward adjustment corresponding to the table found in section 2F1.1(b)(1). A loss of more than $20,000 warrants an upward adjustment of four levels. U.S.S.G. § 2F1.1(b)(1)(E). The district court applied this adjustment, resulting in an adjusted offense level of 13.
 
 
 7
 Application Note 2 to section 2B5.1 states: " 'Counterfeit,' as used in this section, means an instrument that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety. Offenses involving genuine instruments that have been altered are covered under § 2B5.2." Wright argues that the words "manufactured in its entirety" means that only completed notes are to be counted under this section. The government argues that the application note simply draws a distinction between counterfeit instruments that have been made from scratch and those which were once genuine but have been altered in some way, and that all "wholly counterfeit" bills are to be counted under section 2B5.1 whether or not they are completed. This question is one of first impression.
 
 
 8
 The district court found the government's interpretation persuasive, and we agree. Under Wright's interpretation, no counterfeit currency could be counted if a defendant was fortunate enough to be caught in the act immediately before the bills were completed rather than immediately after. This result clearly contradicts the plain language of section 2X1.1(b)(2). The district court properly counted the partially completed counterfeit bills when calculating Wright's sentence.
 
 II. Acceptance of Responsibility
 
 9
 The district court's decision that a defendant has not accepted responsibility for his actions is a factual finding reviewed for clear error. United States v. Molina, 934 F.2d 1440, 1450 (9th Cir.1991).[2]
 
 
 10
 The district court must reduce the offense level by two levels if the defendant affirmatively accepts responsibility for his criminal conduct, "without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." U.S.S.G. § 3E1.1. Entry of a guilty plea does not automatically entitle a defendant to the adjustment. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991). In making the determination, the district court may consider several factors, including "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 1(g)).
 
 
 11
 Here, Wright pleaded guilty after his trial had been continued twice. The presentence report concluded that Wright had accepted responsibility for his conduct "[a]lthough the defendant did not enter his plea in a timely manner" (PSR at 6). The district court found that Wright's guilty plea, entered after the government had already gathered its witnesses and prepared to go to trial, was not timely enough to show acceptance of responsibility. As the district court was specifically permitted to consider the timeliness of Wright's conduct, we cannot say this finding was clearly erroneous. See Molina, 934 F.2d at 1450.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright misunderstands the applicability of section 2X1.1. Conspiracies are only covered by a "specific offense guideline" if the specific offense characteristics of a particular guideline include an express provision for conspiracies. See U.S.S.G. § 2X1.1(c)(1) and comment. (n. 1) (listing examples). Offense levels for all other conspiracies are calculated with reference to section 2X1.1 or section 2X5.1
 
 
 [2]
 "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5)