985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Garcia BRACAMONTE, Defendant-Appellant.
 No. 89-50621.
 United States Court of Appeals, Ninth Circuit.
 Feb. 5, 1993.
 
 1
 Appeal from the United States District Court for the Central District of California; No. CR89-489-DWW, David W. Williams, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING, POOLE and NOONAN, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 Appellant Manuel Garcia Bracamonte appeals his conviction and sentence for bank robbery. He complains that the FBI used unconstitutionally suggestive pre-trial identification procedures, that the district court abused its discretion when it permitted lay opinion identification testimony, and that he was entitled to a two point reduction for acceptance of responsibility. We affirm.
 
 FACTS
 
 7
 In May of 1989 a man robbed a branch of the Bank of America in Fountain Valley, California. The teller, Rose Mary Suazo, testified that he walked up to her window, placed a briefcase on the counter and demanded, "Fill this up with money." Suazo said that Bracamonte held a gun at his side during the robbery, although he did not point it at anyone. Suazo activated the bank's silent alarm and surveillance system. The cameras photographed the robber as he left the bank.
 
 
 8
 Two other bank employees, Honorine Stinson and Leslie Kim, witnessed the robbery. Suazo, Stinson and Kim each identified Bracamonte as the robber and testified for the government at trial. The procedures used in their pretrial identifications are the subject of this appeal.
 
 
 9
 Bracamonte was convicted of bank robbery after a two-day jury trial. At sentencing the district court found that Bracamonte was a career criminal and imposed a sentence of 240 months imprisonment.
 
 DISCUSSION
 Pre-Trial Identification
 
 10
 There is some confusion in this circuit over whether the proper standard of review in pre-trial identification cases is de novo or abuse of discretion. See United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991). We need not resolve the confusion because Bracamonte's claim fails even under de novo review.
 
 
 11
 An out-of-court identification violates due process when under the totality of the circumstances the identification procedures were impermissibly suggestive, and when the identification itself was so unreliable that it cannot overcome the "corrupting effect of the suggestive identification." Manson v. Braithwaite, 432 U.S. 98, 114 (1977); Nash, 946 F.2d at 681. Identification procedures are impermissibly suggestive only when they create "a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968).
 
 
 12
 Bracamonte contends that the procedures were overly suggestive because (1) the witnesses were shown the surveillance photographs before they were shown the photospread, (2) one witness was shown booking photographs of Bracamonte before she was shown the photospread, and (3) two of the witnesses saw Bracamonte in the custody of marshals immediately before trial. None of these facts, nor their convergence, created a substantial likelihood of misidentification. See United States v. Stubblefield, 621 F.2d 980, 983 (9th Cir.1980) (showing witnesses surveillance photographs was not overly suggestive); United States v. Dring, 930 F.2d 687, 692 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992) (showing witnesses a single photograph was not overly suggestive); United States v. Hernandez-Valenzuela, 932 F.2d 803, 804-05 (9th Cir.1991) (seeing the defendant in custody was not overly suggestive). Indeed, the surveillance photograph depicted the actual robber; Bracamonte looked much different in the booking photographs than he did on the day of the robbery; and the brief time that the witnesses saw Bracamonte in custody was not enough to impeach their testimony.
 
 Lay Opinion Testimony
 
 13
 The district court permitted Michael Larkin to testify that he was a correctional officer at Lompoc federal prison, that he first met Bracamonte in December of 1987, and that he had the opportunity to see Bracamonte once or twice per week over the last two years. Larkin then identified Bracamonte as the person captured in the surveillance photos. Bracamonte objected to Larkin's testimony on the grounds that it was not helpful to the jury and that the danger of unfair prejudice substantially outweighed its probative value. Fed.R.Evid. 403.
 
 
 14
 "The admission of lay opinion testimony is within the broad discretion of the trial judge [and] not to be disturbed unless it is manifestly erroneous." United States v. Simas, 937 F.2d 459, 464 (9th Cir.1991). Lay opinion testimony is admissible when the opinion (1) is "rationally based upon the perception of the witness," and (2) helps the jury acquire a "clear understanding of the witness' testimony or the determination of a fact in issue." Id.; Fed.R.Evid. 701. We review a district court's Fed.R.Evid. 403 ruling for an abuse of discretion. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 15
 Because Larkin had seen Bracamonte frequently when he looked much as he did on the day of the robbery, and because Larkin's testimony helped the jury acquire a "clear understanding" of a fact in issue (namely, is Bracamonte the man in the surveillance photo), the district court did not abuse its discretion when it allowed Larkin to give his opinion under Rule 701. We have upheld similar testimony in the past. See United States v. Langford, 802 F.2d 1176, 1178-79 (9th Cir.1986), cert. denied, 483 U.S. 1008 (1987).
 
 
 16
 Because Bracamonte had been in prison for the two years preceding the robbery, it is likely that only prison guards or fellow inmates could testify to his appearance before the crime. The probative value of Larkin's testimony was great enough that it was not an abuse of discretion to admit it.
 
 Acceptance of Responsibility
 
 17
 We review for clear error the decision to deny or grant a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). United States v. Martinez-Gonzalez, 962 F.2d 874, 878 (9th Cir.1992). In these cases the determinations of the sentencing judge are entitled to "great deference." Id. (citing § 3E1.1, comment n. 5).
 
 
 18
 Bracamonte admitted that he robbed the bank, but he denied that he used a gun. An admission standing alone does not entitle a defendant to the reduction: a defendant must show "candor and authentic remorse." United States v. Hall, 952 F.2d 1170, 1172 (9th Cir.1991) (citing United States v. Royer, 895 F.2d 28, 30 (1st Cir.1989)). The district court did not commit clear error when it found that Bracamonte did not satisfy this standard.
 
 
 19
 We AFFIRM the conviction and sentence.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3