56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff - Appellee,
v.
Faamanatu TAUALII, aka "Rock", "Rocks", or "Rocs", Defendant
- Appellant.
UNITED STATES of America, Plaintiff - Appellee,
v.
Ka Sweet SEIULI, Defendant - Appellant.
UNITED STATES of America, Plaintiff - Appellee,
v.
Khoi Trong TRAN, Defendant - Appellant.
 Nos. 94-10153, 94-10160, 94-10175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 22, 1995.
 
 Before: PREGERSON, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Faamanatu Taualii, Ka Seiuli, and Khoi Tran appeal their jury convictions for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Specifically, they contend that (1) there was insufficient evidence to sustain their convictions, (2) the prosecutor engaged in misconduct, (3) the district judge displayed bias towards them, (4) the district court improperly admitted certain evidence, (5) the district court erred by not allowing trial testimony to be read back to jurors, and (6) the district court improperly restricted cross-examination by defense counsel. Seiuli also appeals his sentence, contending that he should have been given a two-level reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Defendants claim that there was insufficient evidence to sustain their convictions. There is sufficient evidence to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); United States v. Lennick, 18 F.3d 814, 819 (9th Cir. 1994).
 
 
 4
 In order to prove a conspiracy, the government must show that the defendant agreed with another to commit an illegal act. United States v. Shabani, 115 S.Ct. 382, 384 (1994). Once the existence of a conspiracy is established, the government need only prove a "slight connection" between the defendant and the conspiracy in order to convict him. United States v. Mares, 940 F.2d 455, 458 (9th Cir. 1991). The connection may be established by circumstantial evidence. United States v. Castro, 972 F.2d 1107, 1111 (9th Cir. 1992). Finally, a member of a conspiracy may be held liable for the foreseeable substantive crimes committed by a coconspirator in furtherance of the conspiracy. See Pinkerton v. United States, 328 U.S. 640, 646-47 (1946).
 
 
 5
 Hoving provided direct substantial testimony of the conspiratorial agreement, which was corroborated in many respects. See United States v. Lopez, 803 F.2d 969, 973 (9th Cir. 1987) (testimony of accomplice may sustain conviction unless it is incredible or unsubstantial on its face). Hoving testified about the Skytel pager he was given by defendant Seiuli, how he was contacted by defendants, and how he would contact them. This testimony was corroborated by phone and pager records, which, among other things, demonstrated that defendants were in substantial contact with one another. In addition, the police noted the "888" code (with Tran's Hawaii telephone number) on Hoving's pager when they arrested him. Hoving was able to tell the police where Tran lived, that Seiuli and Taualii would be there, and that Tran drove a white Porsche -- all of which were corroborated. Hoving also explained that he had seen various scanners and guns at Taualii's apartment, which the police found, in addition to cocaine and scales, when they searched the apartment. There was yet other evidence linking the defendants to a drug conspiracy, such as the large amounts of cash, bags with drug residue, and the paper with Hoving's pager number found in Tran's house.
 
 
 6
 Viewed in a light most favorable to the government, there was more than a "slight connection" between the defendants and a drug conspiracy. Moreover, a reasonable jury could conclude that Hoving's possession of cocaine was in furtherance of that conspiracy. Defendants' convictions were supported by sufficient evidence.
 
 II.
 
 7
 Defendants contend that reversal is warranted because the prosecutor made various improper comments during opening and closing arguments. Prosecutorial misconduct claims are ordinarily subject to harmless error analysis. United States v. Williams, 989 F.2d 1061, 1072 (9th Cir. 1992). We must determine whether "the conduct, considered in the context of the entire trial, affected the jury's ability to judge the evidence fairly." Id. Where no objection was made at trial, as is the case with several of the comments complained of, we review for plain error only. Id. at 1071-72.
 
 
 8
 In this case, we do not believe that the statements made by the prosecutor -- individually or cumulatively -- caused any significant prejudice to the defendants, when viewed in the context of the entire trial. We first note that, even if some comments made by the prosecutor were argumentative as defendants' suggest, the jury was instructed several times that the arguments of counsel were not evidence. See United States v. Endicott, 803 F.2d 506, 513 (9th Cir. 1986) (giving appropriate curative instructions neutralized any potential harm).
 
 
 9
 Second, we find no merit in defendant Seiuli's argument that the prosecutor's reference to the "unusual" nature of defendants' names was an improper racial comment. Compare United States v. Doe, 903 F.2d 16, 23-28 (D.C. Cir. 1990) (closing argument referring to takeover of local retail cocaine and traffic market by Jamaicans). As the government explained, the reference to defendants' "unusual" names illustrated that Hoving could not have made the names up. That this was not a racial epithet is underscored by the lack of any objection at trial.
 
 
 10
 Third, we reject defendants' arguments that reversal is warranted for improper vouching. With regard to the comment about Mr. Miyasato, the district court immediately interrupted the prosecutor and gave a curative instruction to the jury. See Endicott, 803 F.2d at 513. The other instances of vouching cited by defendants were in rebuttal to and invited by arguments made by defense counsel. See, e.g., United States v. Flake, 746 F.2d 535, 539-41 (9th Cir. 1984) (prosecutor did not impermissibly vouch for credibility of witness where comments were invited by defense's attack on credibility of government and its witnesses). The comments, which did not draw any objection at trial, certainly do not constitute plain error.
 
 
 11
 Finally, the prosecutor's cockroach analogy did not affect the jury's ability to judge the case impartially. As the district court noted, "the prosecutor intended to clarify the relationship between the guilt of the unindicted coconspirators and the guilt of the defendants." The remarks rebutted defendants' contention that there were other parties responsible for the offenses. The district court determined that there was no prejudicial impact on the jury, and we defer to that determination. See Flake, 746 F.2d at 541 ("We must defer to the district court's determination of the impact of a claim of misconduct on the outcome of a criminal prosecution, because trial judges are in a better position to evaluate its impact."). In any event, the comments made by the prosecutor in this case are no more egregious than those at issue in United States v. Rewald, 889 F.2d 836, 862 (9th Cir. 1989), amended on other grounds, 902 F.2d 18 (1990). We decline to reverse defendants' convictions for prosecutorial misconduct.
 
 III.
 
 12
 Defendants complain about the district court's cross examination of Tran and its remarks to defense counsel. The district court has broad discretion in supervising trials, and defendants must meet a "rather stringent" burden to obtain reversal for judicial misconduct. Kennedy v. Los Angeles Police Department, 901 F.2d 702, 709 (9th Cir. 1989).
 
 
 13
 A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition. A judge's participation justifies a new trial only if the record shows actual bias or leaves an unbiding impression that the jury perceived an appearance of advocacy or partiality.
 
 
 14
 United States v. Laurins, 857 F.2d 529, 537 (9th Cir. 1988) (internal citations omitted).
 
 
 15
 The district court's cross-examination of Tran did not reflect "actual bias" or an "unbiding impression that the jury perceived an appearance of advocacy or partiality." Laurins, 857 F.2d at 537. We note that it was Tran who first introduced tax records to bolster his credibility. Moreover, the judge gave two separate instructions to the jury that it should not assume that the judge has any opinion in the case, or base its verdict on anything the judge said or did during the case. To the extent that there was any error, it was undoubtedly harmless in light of these instructions and the other evidence in the case. See, e.g., United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir. 1989) (jury instruction obviated any possible adverse effect from judge's comments).
 
 
 16
 Nor do we find reversible error in the judge's treatment of defense counsel. The judge's comments suggest that he was attempting to keep defense counsel from asking repetitive and improper questions. Perhaps the judge could have been less abrupt, but there is no evidence that the judge abused his broad discretion to supervise the activities in his courtroom. We again note that instructions were given to the jury which made it clear that they were not to accord any weight to the judge's comments in determining defendants' guilt. Sanchez-Lopez, 879 F.2d at 553.
 
 IV.
 
 17
 Defendant Tran also complains about the admission of Hoving's testimony that there was marijuana plant growing in front of Tran's house. Even if the district court abused its discretion in admitting this evidence, the error was harmless. See United States v. Yin, 935 F.2d 990, 994 (9th Cir. 1991) (nonconstitutional evidentiary error is not reversed for abuse of discretion unless it more likely than not affected the verdict). There was considerable evidence linking Tran to the cocaine conspiracy. In addition, the court gave a contemporaneous limiting instruction that the defendant was not on trial for marijuana possession, and that it could not be used to establish his guilt of the cocaine charges.
 
 V.
 
 18
 Defendant Seiuli contends that the district court erred by advising the jury during opening statements that it would not allow trial testimony to be read back to them. Ordinarily, we would review the district court's decision not to allow testimony to be read back for abuse of discretion. United States v. Castillo, 866 F.2d 1071, 1084 (9th Cir. 1988). However, because there was no objection at trial, we review for plain error only. Fed. R. Crim. P. 52(b); United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir. 1989).
 
 
 19
 We have previously stated that "[a] trial court is given great latitude in deciding whether to reread testimony requested by the jury. In general, reading is disfavored because of the emphasis it places on specific testimony and the delay it causes in the trial." United States v. Nolan, 700 F.2d 479, 486 (9th Cir. 1983). In this case, the district judge obviously wanted to encourage the jurors to pay close attention, rather than to rely on having testimony read back. This was not an abuse of discretion, see United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976) (judge did not abuse his discretion by informing jury during opening remarks that they would not be permitted to rehear testimony), let alone plain error.
 
 VI.
 
 20
 Defendant Seiuli also argues that the district court erred by requiring that they choose "lead counsel" to conduct mutual portions of cross-examination. Because there was no objection at trial, we again review for plain error. Fed. R. Crim. P. 52(b); Kessi, 868 F.2d at 1107.
 
 
 21
 The district courts have wide discretion to restrict cross-examination to avoid repetition. Delaware v. Van Arsdale, 475 U.S. 673, 679 (1986); Davis v. Alaska, 415 U.S. 308, 316 (1974). And, the Sixth Amendment does not give defendants the right to completely control the extent of cross-examination. United States v. Brown, 936 F.2d 1042, 1048 (9th Cir. 1991); Delaware, 475 U.S. at 679. We flatly reject the contention the district court's attempt to avoid repetition somehow deprived Seiuli of his counsel of choice. Notably, Seiuli fails to provide evidence that his counsel was prevented from asking any specific question of a government witness. In fact, the record reveals that each lawyer was permitted to and in fact did conduct cross-examination on issues affecting their clients. There was no deprivation of counsel here, and no plain error.
 
 VII.
 
 22
 Finally, defendant Seiuli claims the district court erred by denying him a two-level reduction on his sentence for acceptance of responsibility. Under United States Sentencing Guideline ("USSG") Sec. 3E1.1, a two-level sentence reduction is warranted if the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." We will uphold the district court's decision in this respect unless it is clearly erroneous. United States v. Hall, 952 F.2d 1170, 1171 (9th Cir. 1991). Because the "'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,' ... [his] determination 'is entitled to great deference on review."' United States v. Smith, 905 F.2d 1296, 1301 (9th Cir. 1990) (citing USSG Sec. 3E1.1, comment. (n. 5)).
 
 
 23
 We cannot say that the district court's decision was clearly erroneous. The district court could have reasonably concluded that Seiuli never freely admitted remorse for his involvement in the offenses. See, e.g., United States v. Daly, 974 F.2d 1215, 1218 (9th Cir. 1992) (it is not clearly erroneous to deny acceptance of responsibility where defendant admits criminal behavior but fails to show remorse or contrition). Understandably, Seiuli takes issue with his trial lawyer's conduct at sentencing. But this does not aid his argument that the district court erred in concluding that he never clearly and meaningfully accepted responsibility. We defer to the district court's assessment of whether Seiuli adequately expressed remorse of his criminal behavior. Smith, 905 F.2d at 1301.
 
 
 24
 The district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3