66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MARTINEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augustin NAVA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan CLARK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Manuel LIMON-URIARTE, Defendant-Appellant.
 Nos. 94-30258, 94-30294, 94-30366, 94-30402.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1995.
Decided Aug. 31, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Martinez, Augustin Nava, Alan Clark and Jose Manuel Limon-Uriarte appeal their convictions and/or sentences under the United States Sentencing Guidelines ("U.S.S.G.") for conspiracy to distribute cocaine (all defendants), and distribution of cocaine (Martinez only), in violation of 21 U.S.C. Secs. 841 and 846. Martinez and Clark were convicted by a jury; Nava and Limon-Uriarte pleaded guilty. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part, and vacate and remand in part.
 
 I.
 
 3
 Martinez argues that the district court erred in refusing to give an instruction to the jury on his theory that he merely "acquiesc[ed] in the object or purpose of the conspiracy, without any intention or agreement to accomplish a specific illegal objective." The district court gave this Circuit's model instruction on conspiracy. See Ninth Circuit Model Jury Instruction 8.05A (1992 Ed.). That instruction adequately covered Martinez' acquiescence theory, and therefore the district court did not err in refusing to give Martinez' proposed instruction. See United States v. Vaandering, 50 F.3d 696, 702 (9th Cir.1995).
 
 II.
 
 4
 Both Martinez and Clark contend that the district court erred by failing to make specific factual findings regarding the amount of cocaine attributable to them in sentencing. We agree. Both Martinez and Clark disputed the portions of their presentence reports which detailed the amounts of cocaine attributable to them. When a defendant alleges factual inaccuracies in the presentence report, Federal Rule of Criminal Procedure 32(c)(3)(D) (now 32(c)(1)) requires the district court to either append to the presentence report a finding as to each controverted fact, or declare that it is not taking that matter into account for sentencing purposes. See United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert. denied, 113 S.Ct. 2392 (1993). Here, the district court did neither. Moreover, the district court did not explain why the specific amounts of cocaine were reasonably foreseeable to Martinez and Clark or within the scope of the particular agreement they entered into. See U.S.S.G. Sec. 1B1.3; United States v. Petty, 992 F.2d 887, 891 (9th Cir.1993). Remand is therefore necessary. See United States v. Conkins, 9 F.3d 1377, 1387 (9th Cir.1993) (remanding for resentencing where district court failed to make express factual findings under U.S.S.G. Sec. 1B1.3 and Fed.R.Crim.P. 32).
 
 III.
 
 5
 Martinez and Clark argue that the district court erred by not giving them a two-level reduction in their sentences for being minor participants in the offense. U.S.S.G. Sec. 3B1.2(b). We review for clear error the district court's determination of a defendant's role in the offense. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 6
 Both Martinez and Clark argue that they are entitled to the reduction because they were less culpable than their coconspirators. But there were over 20 other individuals charged in this conspiracy, and neither Martinez nor Clark has demonstrated how their culpability measures against all of these participants. Moreover, simply because one participant's activity is less culpable than another's does not require a finding of minor participant status. United States v. Peters, 962 F.2d 1410, 1415 n. 1 (9th Cir.1992).
 
 
 7
 Martinez transported 13 kilograms of cocaine to Washington, and waited in a hotel for two days for payment to be taken back to Augustin Nava, the cocaine dealer in California. There is also evidence that Martinez discussed the quality of the cocaine he delivered. See United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir.1991) (affirming district court's finding that the defendant who transported heroin was not a minor participant where the defendant commented on the quality of the heroin). Clark was even more involved. The evidence suggests that Clark purchased cocaine from Nava and Hal Bradley, and attended meetings and negotiations with Nava, Bradley, Terry Ramberg and others for the purchase and transportation of cocaine. (See discussion in Section V below). On this record, the district court's determination that Clark and Martinez were not minor participants was not clearly erroneous.
 
 IV.
 
 8
 The district court gave Clark a two-level obstruction of justice enhancement based upon his false testimony at trial. U.S.S.G. Sec. 3C1.1. If a defendant objects to a sentencing enhancement resulting from trial testimony, the district court is required to make independent findings necessary to establish obstruction of justice. United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). Here, Clark objected to the enhancement, and the district court failed to make any independent findings. We therefore remand this case so the district court can make specific findings as to the particular testimony of Clark's found to be perjurious and how that testimony concerned a material fact designed to substantially affect the outcome of the trial. See id.
 
 V.
 
 9
 Clark argues that there was insufficient evidence to support his conspiracy conviction. There is sufficient evidence to sustain a conviction if, reviewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 10
 In this case, Hal Bradley provided direct substantial testimony of Clark's involvement in a drug conspiracy, which was corroborated in a number of respects. See United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) (testimony of accomplice may sustain conviction unless it is incredible or unsubstantial on its face), cert. denied, 481 U.S. 1030 (1987). Among other things, Bradley testified that he sold cocaine to Clark, and that he discussed with Clark the transportation of 50 kilograms of cocaine from California to Washington. Coconspirator Nava testified that he discussed a five kilogram deal in Clark's presence, and, approximately two weeks later, Clark paid for that cocaine. Bradley associates Dale Oliver and Larry Swartz also implicated Clark in the conspiracy. When Clifford Totty was arrested with four kilograms of cocaine, he testified that he was delivering the cocaine to Clark and Terry Ramberg. Clark's involvement was further corroborated by recorded phone conversations, and telephone bills which reflected calls from Clark to Bradley and Nava. Viewed in a light most favorable to the government, there was ample evidence to sustain Clark's conspiracy conviction. See United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (the government need only prove a "slight connection" between the defendant and the conspiracy in order to convict him).
 
 VI.
 
 11
 Clark argues that the district court should not have admitted various statements by coconspirators, many of which were not objected to at trial, because the statements did not comply with Federal Rule of Evidence 801(d)(2)(E). We need not analyze each challenged statement under Rule 801(d)(2)(E), because even if the district court abused its discretion in admitting the statements, we are not convinced that the error affected the outcome of the trial. There was an overwhelming amount of other evidence against Clark. See United States v. Gee, 695 F.2d 1165, 1169 (9th Cir.1983) (error in admitting coconspirator statements harmless where evidence of defendant's guilt was overwhelming). Moreover, the challenged statements probably had little impact because some of the coconspirators who made the statements testified at trial and described their first-hand knowledge of the facts asserted. See United States v. Williams, 989 F.2d 1061, 1069-70 (9th Cir.1993) (error in admission of coconspirator statements harmless where virtually identical statements were made which were admissible). Our careful review of the record suggests that any error was harmless beyond a reasonable doubt.
 
 VII.
 
 12
 Clark contends that his counsel was ineffective for failing to object to certain coconspirator statements which were admitted at trial. We may consider an ineffective assistance claim on direct appeal when the record is sufficient, United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991), and we review the claim de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). A defendant claiming ineffective assistance of counsel must demonstrate that: (1) counsel's actions were outside the wide range of professionally competent assistance, and (2) the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ..." Id. at 689.
 
 
 13
 Even if objections to the testimony were sustainable, failure to raise them was not a serious enough error to overcome the presumption of competent representation. Defense counsel made numerous objections to the admission of coconspirators' statements which were consistently overruled. Moreover, as mentioned above, there was ample other evidence implicating Clark. Clark has not sufficiently demonstrated that he was prejudiced by the failure to object.
 
 VIII.
 
 14
 Nava contends that the district court erred in concluding that he was an organizer or leader of the conspiracy under U.S.S.G. Sec. 3B1.1(a).
 
 A. The district court's findings
 
 15
 U.S.S.G. Sec. 3B1.1(a) calls for a four-level sentencing enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." An organizer or leader enhancement requires a showing that the defendant "exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime." United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995) (quoting United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993)). The district court's factual conclusion that Nava was an organizer or leader is reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992).
 
 
 16
 Nava does not dispute that the conspiracy here was sufficiently extensive to qualify for enhancement. Rather, he disputes that he was an organizer or leader of the criminal activity. But, among other things, Nava directed Martinez and Morales-Vasquez to deliver cocaine to Bradley in Washington, which demonstrates that he was an organizer. See United States v. Dota, 33 F.3d 1179, 1189 (9th Cir.1994) (defendant need only control one, rather than all, of the participants in the offense to be an organizer or leader), cert. denied, 115 S.Ct. 1432 (1995). This uncontroverted fact alone justifies the district court's conclusion. See United States v. Leung, 35 F.3d 1402, 1406 (9th Cir.1994) (upholding leader or organizer adjustment where it was supported by evidence in the record, and defendant did not present controverting facts), cert. denied, 115 S.Ct. 954 (1995).[1]
 
 B. Unreliable evidence
 
 17
 We reject Nava's argument that the district court relied upon unreliable evidence in concluding that he was an organizer. Nava himself conceded that he directed Martinez and Morales-Vasquez to deliver cocaine to Washington. Absent some specific showing that the information relied upon by the court is materially false or inherently unreliable, Nava's argument must fail. United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992) (defendant bears the burden of showing that information used in sentencing is false or unreliable), cert. denied, 113 S.Ct. 1276 (1993).
 
 C. Standard of proof
 
 18
 We also reject Nava's argument that the district court should have applied a higher standard of proof in determining whether he was an organizer. It is well-settled that sentencing factors need only be proved by a preponderance of the evidence, except in exceptional cases where the sentencing factor has an "extremely disproportionate effect on the sentence." United States v. Restrepo, 946 F.2d 654, 659 (9th Cir.1991) (en banc), cert. denied, 503 U.S. 961 (1992). Nava argues that his organizer status had the effect of nearly doubling his sentence. Even if this were true, we have never applied the higher standard of proof to a case like this one, or to any case for that matter. See id.; Harrison-Philpot, 978 F.2d at 1523-24 (seven-fold increase did not require higher standard); United States v. Sanchez, 967 F.2d 1383, 1387 (9th Cir.1992) (six-fold increase did not require higher standard of proof). Nava has not adequately demonstrated why his case merits the higher standard.
 
 IX.
 
 19
 Nava challenges the district court's refusal to give him a three-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. We will uphold the district court's decision unless it is clearly erroneous. United States v. Hall, 952 F.2d 1170, 1171 (9th Cir.1991). The district court adopted the presentence report, which recommended denial of the reduction because Nava refused to admit to his role in the conspiracy and claimed that Hal Bradley was responsible for his involvement. Nava has not demonstrated, nor do we find, that these findings were clearly erroneous; the district court was entitled to deny the reduction.
 
 X.
 
 20
 Limon-Uriarte argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw for abuse of discretion. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). A defendant has no right to withdraw a guilty plea, and may do so only upon establishing a fair and just reason. Id.; Fed.R.Crim.P. 32(e).
 
 
 21
 Limon-Uriarte claims that his motion should have been granted because his guilty plea was coerced by his attorney and his wife's attorney. In support of his motion, Limon-Uriarte submitted an affidavit in which he claims he was told that if he would plead guilty his wife would get home detention, and that if he did not plead guilty his wife would get ten years. The district court fully considered Limon-Uriarte's affidavit, as well as defense counsel's arguments, and concluded that Limon-Uriarte failed to show a fair and just reason for withdrawal. The court relied upon Limon-Uriarte's testimony at the Rule 11 hearing in which he denied that any promises had been made to him. The court also relied on an affidavit submitted by Limon-Uriarte's counsel, who denied making any threats or promises to Limon-Uriarte about his wife's sentence, and stated that he advised Limon-Uriarte that his chances of winning at trial were slim because his wife and father-in-law were going to testify against him. The district court was entitled to credit Limon-Uriarte's testimony at the initial plea hearing and his counsel's affidavit, and disbelive Limon-Uriarte's affidavit in support of his motion. See United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984). We find no abuse of discretion here.
 
 XI.
 
 22
 Limon-Uriarte also claims that the district court violated his due process rights by relying upon materially false or unreliable information at sentencing. See United States v. Hanna, 49 F.3d 572, 577 (9th Cir.1995); United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994). Before sentencing Limon-Uriarte, the district court conducted an evidentiary hearing in which Hal Bradley testified. Bradley testified that Limon-Uriarte delivered cocaine to him on four to six occasions and estimated that Limon-Uriarte delivered between 100 and 200 kilograms of cocaine. Bradley testified about one occasion in particular where Limon-Uriarte picked up 12 kilograms which Bradley rejected from a shipment. The district court concluded that, based upon the testimony at sentencing and the testimony at Martinez' and Clark's trial, it would sentence Limon-Uriarte in the range of 50-150 kilograms.
 
 
 23
 Our review of the record suggests that there was sufficiently reliable evidence at sentencing and the trial to attribute more than 50 kilograms to Limon-Uriarte. In addition to the testimony of Bradley, at least one other coconspirator testified at trial that he received at least 45 kilograms of cocaine from Limon-Uriarte. This information, and more, was detailed in the presentence report. Significantly, Limon-Uriarte does not challenge the information set forth in the presentence report. He has not demonstrated that the district court relied on unreliable and unsubstantiated testimony in sentencing him. Kimball, 975 F.2d at 567.
 
 XII.
 
 24
 Martinez' and Clark's convictions are affirmed. Their sentences are vacated and their cases are remanded for resentencing. Nava's sentence is affirmed. Limon-Uriarte's conviction and sentence is also affirmed.
 
 
 25
 AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nava's argument that the district court was required to conduct an evidentiary hearing before concluding that he was an organizer or leader is unsupported. We note that Nava did not even request such a hearing. In any event, a district court does not abuse its discretion in denying a hearing where the defendant is permitted to rebut allegedly erroneous statements in the presentence report. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 449 U.S. 930 (1991)